UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-14 |
| | ) | |
| TEDDY ALLEN STREET | ) | |
| | ) | |

**O R D E R**

This criminal case is before the Court on the defendant's notice of objection to the Presentence Report. The defendant objects to the conclusion of the United States Probation Officer in the Presentence Investigation Report that the defendant should be subject to the 15 year minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 *U.S.C.* § 924(e), asserting that a prior conviction for burglary which involved theft of a motorcycle from a outbuilding is not a sufficient predicate violent felony.

The defendant entered a guilty plea on May 21, 1999 to theft over $1,000.00 and burglary in Johnson County Criminal Court, Docket No. 3219. According to the affidavit of complaint, the defendant broke the lock off an outbuilding and stole a motorcycle valued at over $1,000.00. The Tennessee statute under which the defendant was charged, and to which he entered a plea of guilty, *Tenn. Code Ann.*

§ 39-14-402, provides:

> (a) A person commits burglary who, without the effective consent of the property owner:
> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or;
> (2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

The Tennessee burglary statute does not, in and of itself, qualify as a "generic" burglary statute as defined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599, 110 S. Ct. 2143 (1990), pursuant to which a conviction would automatically qualify for the enhancement under the ACCA. However, the case is analogous to *United States v. Cooper*, 302 F. 3d 592 (6th Cir. 2002), in which the Sixth Circuit held that where an Ohio indictment charged the defendant with breaking and entering only into dwellings, despite the Ohio breaking and entering statute permitting a conviction for the breaking and entering of places other than buildings, the convictions met the *Taylor* definition of "generic burglary." In the instant case, the defendant was clearly charged with the burglary of a building. Accordingly, this prior burglary conviction counts as a violent

felony for purposes of § 924(e).

The defendant's conviction for burglary also falls within the "otherwise clause," of § 924(e) which includes any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." The Sixth Circuit has held that a conviction under the Tennessee statute also qualifies as a "violent felony" within § 924(e) pursuant to this "otherwise clause," because it involves conduct that presents a serious potential risk of physical injury to another. *U.S. v. Bureau*, 52 F. 3d 584, 592 (6th Cir. 1995).

Accordingly, for the foregoing reasons, the defendant's objection to the Presentence Investigation Report is **OVERRULED**.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

3

Case 2:05-cr-00014-JRG-MCLC   Document 19   Filed 08/11/05   Page 3 of 3   PageID #: 3